FILED
UNITED STATES DISTRICT COURT
DENVER COLORADO

NOV - 7 2014

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

DARRELL HAVENS                    , Plaintiff,

v.

STATE OF Colorado              ,

RICK RAEMISCH                  ,

TOM CLEMENTS                   ,

ARISTEDES ZAVARES.             ,

DAVID JOHNSON                  ,

Colorado Department of Corrections ,

ROSA FRAYER                    ,

DENVER RECEPTION & DIAGNOSTIC CENTER Defendant(s).

(List each named defendant on a separate line.)

---

## PRISONER COMPLAINT

---

(Rev. 1/30/07)

## A. PARTIES

Darroll Hayes #143367 PO Box 392004 Denver CO 80239

1. RICH RAEMISCH CDOC Executive Director
(Plaintiff's name, prisoner identification number, and complete mailing address)
2862 South Circle Drive Colo Springs Co 80906

2. Tom Clements as CDOC Executive director of Prisons
(Name, title, and address of first defendant)
2862 South Circle Drive Colo Springs 80906

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes __ No (CHECK ONE). Briefly explain your answer:

Acted as the person in control over all inmates Incarcerated in Colorado to provide compliance

3. Rick Raemisch Executive Director of CDOC
(Name, title, and address of second defendant)
2862 South Circle Drive Colo Springs co 80906

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes __ No (CHECK ONE). Briefly explain your answer:

Is the person in control over all inmates incarcerated in Colorado. to provide compliance

4. David Johnson as DRDC's Wardon
(Name, title, and address of third defendant)
3600 Havana Street Denver Co 80239

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes __ No (CHECK ONE). Briefly explain your answer:

Is to insure the safety, security, programs, services, and activities are provided

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                    2

A. PARTIES

4) Rosa Frayer as Program Director
3600 Havana Street Denver Co 80239

Is in charge of classification for PRA,
DWCF, CCC, and insure all offenders equal opportunity

5) Aristedes Zavarities as Executive director
2862 South Circle Drive Colo Springs co 80906

Is responsible for make sure all
Employees, contract workers, and offenders

5) Denver Reception + Diagnostic Center agency of CDOC
3862 South Circle Drive Colo Springs Co 80906

In its capacity as an Agent and/or
Independent contractor of The DEPART. of Correctons

# A. PARTIES

(7) Colorado Department of Corrections as an Agency of State. 2862 South Circle Drive Colo Springs Co 80906

At all times material hereto, Defendant, CDOC, was an agent or independant contractor for the State of Colorado

(8) State of Colorado as employer of the government

At all times hereto, Defendants, are employers of the State of Colorado and/ U.S of America & acting in scope of Employment

(9) All the unknown John Does 1-10 as employees of CDOC

At all times material hereto, Defendant, John Does, whose names are unknown, were employees; officers; and/or Agents

**B. JURISDICTION**

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   [X] 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ____ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   Title VI of Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, Age Discrimination Act 1975

**C. NATURE OF THE CASE**

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE." This case is brought to this court because CDOC has and continues to have Mr. Havens discriminated against solely on basis of his disability. Mr. Havens is incarcerated under the control of CDOC's Executive Directors Tom Clements, and Rick Raemisch who are to provide all offenders with employment, benefits, and/or services to employees, offenders and the public without regard to Race, Color, National orgin, Handicap, Age, sex, Religion or Sexual Orientation. The Doc shall protect offenders, to the extent practical from personal harm. These are policies and procedures that David Johnson and Rosa Frayer have violated in all areas O.F. treatment, adequate programs, libraries, law libraries, and/or all other activities. CDOC's orientation handbook Plainly supplies offenders with CDOC's Policies and Procedures in support of Americans with Disabilities Act that "The Colorado Department of Corrections will make all reasonable modifications to policies and programs to ensure that offenders with disabilities have equal opportunities to access and participate in ALL of its programs, services, and activities (pg 15 of 27). This has made plaintiff be incarcerated longer than anyone who else who has and should have taken all programs to reduce his sentence if he wasn't disabled. All named Defendants know or should know the Policies and Procedures by which they are employed.

(Rev. 1/30/07)

3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: <u>Fourth Amendment - Unlawful Seizure & Excessive Force</u>

Supporting Facts: Plaintiff provides that David Johnson, Rosa Frayer, Rick Raemisch, and a number of correctional officers at DENVER Reception & Diagnostic Center (who will be named specific as soon as plaintiff is provided), to willingly and unlawful allow the officers to place him in the cells as an offender who would classify as a maximum security status. It is the Basis For this complaint that all defendants more importantly Rick Raemisch, Aristes Zavaras, David Johnson, Rosa Frayer, Tom Clements, DRDC, CDOC, John Hickenlooper, and at least 5-10 John Does (Unknown whole names). Plaintiff has made all informal and formal request to the named defendants about being provided at least some classes, programs, services, and/or activities for him to recieve Good and Earn time off his sentence and also learn some skills that can be used once release. All the named defendants rather place Plaintiff on the Infirmary Unit at DRDC where terminerally ill, surgery recovering, and mentally ill offender are placed at until they can be transfered out to a permanent facility or decease. Tom Clements and John Hickenlooper closed Fort Lyon Corectional Facility in 2011 which is when plaintiff was placed in this section of the Infirmary but as stated by above defendants and is documented that DRDC is NOT a perminent party facility so offender aren't offered programs, services, and/or activities. Plaintiff took his GED at Fort Lyon from January 2009 and graduated on 12-15-2010. Plaintiff had all progressive reports which intitles him to recieve Good and Earn time to reduce his sentence in accordance with C.R.S of the state of colorado and policits/procedures of C.D.O.C. All named defendants have knowingly, willful, and excessively used their authority as paid employees and/or agents of CDOC to keep Plaintiff unlawfully imprisoned when he should be out of prison and has had officers sexually, mentally, and emotion violated Plaintiff because of him filing grievances at DRDC to recieve adequate classes, programs, and medical treatment due to his condition of an incomplete quadriplegic.

(Rev. 1/30/07)

2.  Claim Two: Violation of Equal Rights Under Title 42 U.S.C 1981 THOURH THE U.S.C 14th AMENDMENT

Supporting Facts:

Plaintiff re-alleges & incorporates by the each allegation as stated in claim 1 as if fully set forth herein, Section 42 U.S.C.A 1981 provides; (a) statement of equal rights, All persons within the jurisdiction of the United States shall have the same rights in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other (b) "make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and condition of the contractual relationship; (c) protection against impairment, The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of state law. The, aforesaid described actions and omissions taken by the Defendants Rick Raemisch, Tom Clements, David Johnson, DRDC, CDOC, Rosa Frayer, and the other Defendants identified above, and all other CDOC unidentified employees and/or any persons in connection with the Violations of discrimination against Plaintiff DARRELL HAVENS, had no rational basis and violated the equal protection Clause of the U.S. Constitution and due process as applied to the states through the Fourteeth Amendment, and Violated the equal protection clause of the Fourteeth Amendment. Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action, Plaintiff has a liberty interest from incarceration by the State except upon conviction after a trial that complies with all constitutional requirements, Plaintiff has a liberty interest in having Defendants provide all classes, programs, services, and facility at what can be at the security level he is classified (not chosen higher by Plaintiff's) and if this were available to plaintiff, He would be freedomed from the horrific physical, mental, and conditions he is in. The actions

(Rev. 1/30/07)

by Defendants described herein recklessly, knowingly, intentionally, knowingly, willfully and wanton deprived Plaintiff the opportunity to obtain less security housing assignments, discretionary parole release, educational & programs that would have him released from prison.

3.   Claim Three: <u>8th Amendment violation + Negligence</u>

Supporting Facts: Plaintiff incorporates each of the allegations as set forth herein; The acts + omissions of Rick Raemisch, David Johnson, Rosa Frayer, CDOC, DRDC, and/or other unknown employee/or agents in violating plaintiff Cl.s. Constitutional rights by knowingly and forcefully discriminating against him. Defendants have caused phyical injuries which were negligent and were reasonably foreseeable, and all defendants known that plaintiff being incarcerated on the infirmary at DRDC is decreasing his life expectancy due to it not being a permanent party facility for housing inmates. To establish a prima facie case for negligence, there must be 1) the existence of a legal duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) proximate cause and causation, and 4) resulting injury, Oliver V + Gas Corp v Magness, 446 P.2d 913 (Colo 1971). Defendants Rick Raemisch, Tom Clements, David Johnson, Rosa Frayer, and/or other unidentified employees and/or agents of CDOC and CDOZ as Agents of the State of Colorado owed a duty to Darrell Havens to safeguard and protect him from unreasonable injury, sexual misconduct, including excessive or deadly force. Defendants individually and official breach their duty by discriminating against him as "disabled inmate" and allowed officers to go beyond their call of duty while strip searching Havens which plaintiff being eligible for TC, Poerl, or minimum security would have prevented these actions. The Colorado Supreme Court in <u>Leake v Cain</u>, 720 P.2d 152 (Cob. 1986) as follows: "Where a person should reasonably foresee that his act, or failure to act, will involve an unreasonable risk of harm to another, there is no duty to avoid such harm... However, there is no duty to prevent a third person from harming another, absent a special relation between the actor and the wrongdoer or between the actor and the victim; Restatement (2nd) of torts §315 (1965). As a result of the said negligent acts of Defendant CDOC and/or it's employees and/or agents identified above, Darrell Havens has and is still substaining serious, permanent damages, injuries and losses as set out through this complaint.

(Rev. 1/30/07)                                              6

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? **X** Yes ___ No (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

   Tom Clements, Physician Healthcare Partners, Hermella Assefa, Wonda Jacobs, Emmanual OKAZ

2. Docket number and court name:

   13-CV-000452

3. Claims raised in prior lawsuit:

   Medical Malpractice, neglect, Failure to properly train/supervise, Crual & Unusual punishment

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

   Still Pending

5. If the prior lawsuit was dismissed, when was it dismissed and why?

6. Result(s) of any appeal in the prior lawsuit:

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   _X_ Yes ___ No  (CHECK ONE).

2. Did you exhaust available administrative remedies?  _X_ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                7

## G. REQUEST FOR RELIEF

State the relief you are requesting.  If you need more space to complete this section, use extra paper.  The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Wherefore, plaintiff respectfully request and prays for judgment in his favor against the Defendants for violations of his civil rights and grant appropriate declaratory and injunctive and/or equitable relief as each Defendant in their official capacity; B) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial from all Defendants named in their individual capacities; C) All past and future economic losses, lost wages, impairment of earning capacities, past and future physical impairment/disability and permanent disfigurement injuries on all claims allowed by law from all Defendants named in their individual capacities; D) Punitive damages on all claims allowed by law and in an amount to be determined at trial from all name defendants E) Order the State of Colorado and Colorado Department of Corrections to immediately calculate Plaintiffs' Good and Earned time for his GED classes, and regulate an equal opportunity at programs, services, and classes. Trial by

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  11-4-14
                    (Date)

_____
(Prisoner's Original Signature)