IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 30 2014

JEFFREY P. COLWELL
CLERK

Civil Action No. 14-cv-03024-GPG
(To be supplied by the court)

DARRELL HAVENS, Plaintiff,

v.

RICK RAEMISCH,
TOM CLEMENTS,
ARISTES ZAVARIES,
DAVID JOHNSON,
ROSA FRAYER,
COLORADO DEPARTMENT OF CORRECTIONS,
DENVER RECEPTION & DIAGNOSTIC CENTER,
STATE OF COLORADO, Defendant(s).

(List each named defendant on a separate line.)

AMENDED PRISONER COMPLAINT & JURY DEMAND

(Rev. 1/30/07)

## A. PARTIES

1. DARRELL HAVENS #143367
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   P.O. BOX 392004 Denver Co 80234

2. TOM CLEMENTS CDOC Executive director of Prisons
   (Name, title, and address of first defendant)
   2862 South Circle Drive Colo Springs Co 80906
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _X_ Yes __ No (CHECK ONE). Briefly explain your answer:
   As control of all inmates, employee, contract workers are abiding State and CDOC policies/proceedures

3. RICK RAEMISCH Executive director of CDOC
   (Name, title, and address of second defendant)
   2862 South Circle Drive Colo Springs Co 80906
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _X_ Yes __ No (CHECK ONE). Briefly explain your answer:
   Has control of all inmates, employees, contract workers are abiding State and CDOC policies/proceedures

4. DAVID JOHNSON DRDC's, DWCF's, CCC's, Warden
   (Name, title, and address of third defendant)
   3600 Havana street Denver Co 80239
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _X_ Yes __ No (CHECK ONE). Briefly explain your answer:
   Is in charge of these facilities to ensure that ALL employees, contract workers, and offenders programs, services, activities.

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)          2

## A. PARTIES

5. ROSA FRAYER Programs director
(name, title, and address of fifth defendant)
3600 Havana Street Denver Co 80234
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X yes __ No (Briefly explain your answer)

Is in charge of classification & Program director for DWCF, DRDC, CCC & ensure all offenders placement for programs

6. ARISTES ZAVARIES Executive director of Prisons
(Name, title, and address of sixth defendant)
At the time the claim(s) alleged in this complaint, arose, was this defendant acting under color of state law X yes __ (Briefly explain your answer)

Has control of all inmates, employees, contract workers are abiding State and CDOC policies/procedures

7. Colorado Department of Corrections an Agency of Colorado
(Name, title, and address of seventh defendant)
2862 South Circle Drive Colo Springs Co 80906

At all times material hereto, CDOC is a paid Agent or
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law X yes __ No Briefly explain your answer!
Independant Contractor for the State of Colorado

## A. PARTIES

8. State of Colorado Employes the CDOC as Government entities
   (Name, title, and address of Eighth Defendant)

At all times, Defendants, are Paid Agencies/Independant Contracts/and/or employees of the State and United states.

9. ALL unknown John Does who are agents and/or employees
   (name, title, and address of Nineth defendant)

Were/are at all times hereto, Defendants, John Does whoses names are unknown as employees; Offices; and/or Agent to CDOC.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    [X] 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ___ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    Title VI of Civil Rights Act of 1964, Section 504 of the Rehabilition Act of 1973, Age Discrimination Act 1978 Title II of Americans With Disabilities Act of 1990 (ADA).

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Darrell Havens is an inmate under Colorado Department of Correction at Denver Reception & Diagnostic Center in the City of Denver. Mr. Havens is an incomplete quadrapylegic who has had Rick Raemisch and all other defendants named in this complaint personnally violated plaintiff's constitunal Rights to be free from discrimination, harrassment, intimination. 1. Plaintiff has been incarcerated at a Facility that is (maximum) against CDOC policies, proceedures, and also State Revised statues and/or laws. 2. Defendants have violated plaintiff's right to access programs, services, and activities because they personally have been notified that plaintiff is not being provided ANY progressive programs to achieve time off his sentence as every person incarcerated in the state of Colorado is obligated to complete or chooses. 3. CDOC has been withholding "Good Time" at a rate of 15 days per month because they feel it is at their discretion of providing those days. Plaintiff was sentenced with a manditory parole time under C.R.S. 18-1.3-401(1)(A)(v)(A). Under Colorado law, inmates are awarded time off their sentences in several ways. C.R.S. 17-22.5-301 (1) & (3) - Good Time - reduces a sentence by 15 days per month as inmates who show substantal performed duties assigned to him. This has not been applied by DRDC CDOC and is manditory as law.

(Rev. 1/30/07)                                    3

**D. CAUSE OF ACTION**

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: <u>4th Amendment - Unlawful Seizure & Excessive Force</u>

    Supporting Facts: Plaintiff sets that at all times hereto past & future that all defendants acted under color of state laws in their capacities as Executive Director and/or employees of Colorado Department of Corrections. The Executive Directors who have personally acknowledged through many different actions in violating plaintiff, by placed at a facility that can't accommodate programs, services, and activities for him to earn time off his sentence, learn different educations or just be put at a minimum facility. Tom Clements felt it was in his discretions to close the Fort Lyon Correctional Facility which held medical offenders. Clements thought he had a choice in denying plaintiff's Executive Clemency/Pardon packet for Govenor Hickenlooper. Rick Raemisch also recieved plaintiff's second Clemency Packet could just leave sitting on his desk, state & federal rules provide that the Executive Director of Prisons have 30 days to put in their comments, they can file an extension of 30 days but must pass the packet after 60 days regardless of their opinions. Raemisch recieved my packet on 1-27-14, plaintiff's casemanager has corresponded via E-mails with personnel from Executive Director's office saying in October 2014 that the packet is still just sitting on his desk, and preventing plaintiff to be released as it was the Govenor's office who told plaintiff to apply because the cost/inability to provide for him. David Johnson has failed to follow ADA Act/CDOC policies and/or procedures to ensure plaintiff being capable of accessing programs, services, and activities so he can take TC or other lower securities. Rosa Frayer is responsible for not assuring plaintiff has equal programs

(Rev. 1/30/07)         4

2. Claim Two: <u>14th Amendment Procedural + Due Process Violations</u>
   Supporting Facts: (AGAINST ALL DEFENDANTS)

Defendants were/are acting under color of state law in their actions and inactions which occurred at all times relevant to this action. Plaintiff is situated to have a protected liberty interest in freedom from incarceration by the state except upon conviction after a trial court that complies with all constitutional requirements. Raemisch, Clements, Zavaries as Executive Directors: have all violated plaintiff the rights as being a CDOC inmate access to progressive programs, classes, and/or activities that all persons are offered during their incarceration. Plaintiff took his GED at Fort Lyon from January 2009 and graduated 12-15-2010 with all exceptional conduct. He took OLA class, lead abatement, parenting program 2 times and Computer Information, Intro computer program, CBT core Program, and CBTA program which are all classes that should have gotten earned/and good time at 25 days a month in accordance with C.R.S. 17-22.5-301. Plaintiff was/has not had the chance to take or finish any programs due to Raemisch, Zavaries, Clements, Johnson, Frayer, DRDC, CDOC, failing to comply with CDOC's policies/and procedures, that states "no person shall be discriminated against for race, gender, disabilities, or religion." Also the Executive Director and Administor Head of each facility will make changes to policies/procedures and if neccessary modification to the structures so offenders can all participate. By failing to follow the statutes of the state of Colorado, each Defendant, as detailed hereto, was acting recklessly, knowingly, intentionally, willfully, wantonly, and played a personal and essential role in ensuring that Plaintiffs' incarceration will be longer than statutorily authorized to be. The actions by defendants described herein deprived Plaintiff the opportunity to obtain less secure housing assignments, discretionary parole release, educational + program opportunities which had his time be correctly calculated would have been available to him. The Defendants and represent deliberate to follow among their own alternatives and moving force violating Plaintiff.

B. **Claim Three:** <u>8th Amendment violations - All defendants</u>

**Supporting Facts:**

Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action. Raemisch, Clements, Zavaries, Johnson, Frayer, DRDC, and CDOC, have all participated in Plaintiff being subjected to cruel + unusual punishment by denying nor trying to provide programs, classes, services, progressive facilities and/or being denied the adequate treatment that he has deserved by his compliance throughout his 6yr 3 months of incarceration. Raemisch, Clements, Zavaries, DRDC, and CDOC have violated State, Federal, and/or more importantly their own policies/procedures. CDOC gives very clearly in their "Orientation Handbook" that is provided to every offender who comes into prison in the State of Colorado, providing as follows: **28: NON-DISCRIMINATION** It is the policy of the Department of Corrections (DOC) to **ensure** that offender program access, work assignments and administrative are made without regard to offender's race, religion, ethnic, national origin, sex, **DISABILITY** or political views. The DOC shall also protect offenders, to the extent practical, from harm. Refer to Administrative Regulation 850-15, OFFENDER NON-DISCRIMINATION for more information. In compliance with Title VI of the Civil Rights Act of 1964, Section 504, of the Rehabilitation Act of 1973, and the Age Discrimination Act of 1975, it is the policy of the CDOC to provide employment, benefits, and/or services to employees, offenders and the public without regard to Race, Color, National Origin, Handicap, Age, Sex, Religion or Sexual Orientation. Accordingly, the CDOC shall not discriminate on the basis of these factors in its employment practices or in admission or access to treatment, programs, and/or services. Plaintiff has been denied by all named defendants through CDOC grievance processes and these denials have kept plaintiff from progressing, and has not gotten the right for adequate medical care.

(Rev. 1/30/07)   6

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: William Johnson AND detective Wonda Jacobs RN, Emmanuel Glai LNY, Tom Clements

2. Docket number and court name: 09-CV-01380-MSK-MEH / 13-CV-0045a-MSK-MEH

3. Claims raised in prior lawsuit: 4th, 8th, and 14th Amendment Excessive Force / 8th and 14th Amendment Medical Negligence

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): Both still proceeding

5. If the prior lawsuit was dismissed, when was it dismissed and why?

6. Result(s) of any appeal in the prior lawsuit:

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   _X_ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                7

### G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Wherefore Plaintiff prays for this court to immediately GRANT the "Request For Relief" as every hour of each day his condition is worsening by ALL DEFENDANTS actions and/or non-actions. 1. Make the nessarcary access to a TC, or other program at the same level of needed treatment that will provide plaintiff the ability which he has been eligible to take and be released. 2. Order CDOC to give plaintiff all Good Time he has earned by completing the classes he has taken according to their own policies/proceedures and pursuant to all Colorado statutes. 3. Immediatly recalulate his sentence Days as he is serving under the Manitory parole C.R.S 18-1.3-401 (i)(A)(v)(A) at a rate of 15 days per month since 12-9-2008. 4. Plaintiff respectfully asks the Injunctive Relief as set above 5. Monitary and Punitive damages in the amount of 6 million dollars and/or any other relief this court finds neccessary.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   12-28-14
              (Date)

_____
(Prisoner's Original Signature)